IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:15-CV-26-D

LES ANCIENS D UNE EGLISE EN )
LES CHAMBRES COMPAGNIE, )
                                         )
                    Plaintiff, )
                                         )
                       v. ) **ORDER**
                                         )
UNITED STATES DEPARTMENT OF )
AGRICULTURE, )
                    Defendant. )

On June 25, 2015, Les Anciens D Une Eglise En Les Chambres Compagnie ("Les Anciens" or "plaintiff") and its President, S. G. Abdallah, proceeding pro se, filed a complaint against the United States Department of Agriculture ("USDA" or "defendant") alleging claims for "Conversion and Trespass to Chattel; Fraud/Deceit/Fraud on Authorities," "Transaction with parties not authorized; excess of authority," "Breach of Contract," and "Violation of Due Process" [D.E. 1]. On November 2, 2015, Les Anciens filed a petition for "leave to settle" [D.E. 7]. On November 9, 2015, the USDA moved to dismiss the complaint and filed a memorandum in support [D.E. 10–11]. On February 26, 2016, counsel filed a notice of appearance for Les Anciens [D.E. 21]. On February 29, 2016, Les Anciens responded in opposition to the motion to dismiss and moved to amend the complaint [D.E. 22]. On April 4, 2016, the court denied the motion for settlement [D.E. 7] and the motion to dismiss [D.E. 10] and granted plaintiff's motion to amend the complaint [D.E. 23]. On April 21, 2016, Les Anciens filed an amended complaint alleging a single count of abuse of discretion [D.E. 26]. On June 29, 2017, the USDA moved to dismiss the amended complaint, and for judgment on the pleadings, and filed a memorandum in support [D.E. 39–40]. On July 31, 2017,

Les Anciens responded in opposition [D.E. 44]. On August 8, 2017, the USDA replied [D.E. 45]. As explained below, the court grants the USDA's motion to dismiss and for judgment on the pleadings.

I.

Les Anciens is a Minnesota non-profit corporation which was formed to foster economic growth among "persons who are disadvantaged" and unable to access traditional forms of capital "including loans for small business development." Am. Compl. [D.E. 26] ¶¶ 15–16. In June 2008, "Rural Development, a division of the [USDA], granted [Les Anciens]'s request for a RBEG grant in the amount of $75,000.00 to establish a revolving loan fund." Id. ¶ 17; see Am. Answer [D.E. 27] ¶ 17. After receiving the grant, all but one member of Les Anciens's board resigned, effectively dissolving the corporation. In January 2009, the USDA received a letter from "Reverend David H. Rouson, Chairman [of Les Anciens] . . . stating that the Board was dissolved." Am. Answer ¶ 19. The USDA then "acted on a request from Reverend Rouson to cancel (i.e. to de-obligate) the award funding" because "[w]ithout a functioning Board, the organization was unable to fulfill the purposes and objectives of the grant." Id. ¶ 20.

On January 20, 2009, the USDA informed Les Anciens of its intent to cancel the $75,000 grant. See [D.E. 31-2] 5–7. The USDA explained that the dissolution of Les Anciens's board meant that Les Anciens could not "carry out the responsibilities of administering a revolving loan fund" and therefore could not "fulfill the objectives of the grant in accordance to the organization's Scope of Work and the Letter of Conditions issued by [USDA]." Id. at 5. The USDA informed Les Anciens of its right to appeal the decision to a hearing officer with the National Appeals Division ("NAD"). See id. at 6–7.

Program participants can appeal adverse agency action to the NAD. See 7 C.F.R. §§ 11.1

et. seq. Under governing regulations, participants (or their authorized representatives) may request a hearing "on any adverse decision." See id. §§ 11.1, 11.8(c). Appellants who dispute the conclusions of the NAD hearing officer may ask the Director to review the determination and issue a final determination. See id. § 11.9. An appellant may request reconsideration of the Director's final determination if the Director made "a material error of fact" or made a determination "contrary to statute or regulation." Id. § 11.11. The director's final determination is a necessary prerequisite to judicial review in the district court. See 7 U.S.C. § 6999; 7 C.F.R. § 11.13.

On January 21, 2009, Benita Gathers ("Gathers," or "claimant"), Secretary of Les Anciens, "requested an appeal with the National Appeals Division ("NAD") on behalf of [Les Anciens] (Appellant)." [D.E. 31-2] 97. Gathers "challenge[d] a Rural Development (RD) decision, dated January 20, 2009, cancelling a Rural Business Enterprise Grant (RBE Grant) with Appellant." Id. During this appeal, the NAD hearing officer focused on whether Gathers, as claimant, was "authorized to bring an appeal on behalf of [Les Anciens]." Id. Gathers "assert[ed] she represent[ed] [Les Anciens] and requested th[e] appeal as secretary of the corporation," she also asserted that she was "the sole remaining member of the board of directors." Id. The USDA responded that "there [was] no one authorized to represent [Les Anciens] because [its] board of directors were removed or resigned without replacement board members being elected or appointed in conformity with the requirements of [Les Anciens's] Articles of Incorporation." Id.

During the NAD process, the NAD hearing officer communicated extensively with Les Anciens to clarify the procedural requirements of the appeals process and to obtain the relevant evidence for inclusion in the record. See [D.E. 32-1] 2–6. The record includes the hearing officer's notes from fifteen phone calls between the hearing officer and Les Anciens between January 27, 2009, and March 2, 2009. See id. On February 24, 2009, the NAD hearing officer conducted a pre-

hearing conference focusing on the issue of Gather's authority to conduct an appeal. See [D.E. 31-2] 97. After the pre-hearing conference, the hearing officer requested additional information from the parties concerning Gathers's authority to conduct an appeal and jurisdiction. See id. The hearing officer gave the parties "until March 13, 2009, to submit additional documents in support of their positions" and "until March 19, 2009 to submit written rebuttals to any additional documents submitted by the other party." Id.

Les Anciens "timely submitted additional documents," which the hearing officer included in the record. On March 23, 2009, Les Anciens also submitted an untimely sur-rebuttal concerning jurisdiction, which the hearing officer included in the case record but did not consider because it was submitted after the deadline. See id.

The hearing officer reviewed Les Anciens's articles of incorporation and by-laws, Minnesota and North Carolina law, federal regulations, and the record. On March 27, 2009, the hearing officer concluded that Gathers was not authorized to represent Les Anciens on appeal. See id. at 99–100. "[O]nly an 'appellant' or 'authorized representative' may request an appeal with NAD[,]" because "NAD's rules allow Claimant to request an appeal on behalf of Appellant only if Claimant is duly authorized by the Appellant to represent it." Id. at 99. Thus, the hearing officer concluded that NAD did "not have jurisdiction to conduct a hearing for the requested appeal." Id. at 98. In reaching this conclusion, the hearing officer interpreted the regulations in Title 7 of the Code of Federal Regulations which govern requests for appeals. See id.; 7 C.F.R. § 11.1. The hearing officer interpreted "appellant" to mean "any participant who appeals an adverse decision . . . includ[ing] an authorized representative." [D.E. 31-2] 98. The hearing officer interpreted "authorized representative" to mean "any person, who is authorized in writing by a participant . . . to act for the participant in an administrative appeal." Id. The hearing officer concluded that Gathers did not meet

4

these requirements because she was not "authorized to represent [Les Anciens] in th[e] appeal or for any purpose." Id. at 100.

On April 7, 2009, Gathers requested a Director review of the NAD's determination. See id. at 153. On June 26, 2009, the Director upheld the NAD's determination, and concluded that Gathers was not authorized to appeal the adverse decision cancelling the $75,000 grant to Les Anciens on behalf of Les Anciens. See id. at 153–159. In reaching this conclusion, the Director reviewed the record and the relevant legal standards, including the definitions of "participant" and "authorized representative" in 7 C.F.R. § 11.1. See id. at 156. On July 22, 2009, the Director denied Les Anciens's request for reconsideration. See id. at 172.

On June 25, 2015, Les Anciens filed this lawsuit. Les Anciens challenges the USDA's decision to cancel the $75,000 grant to Les Anciens, and the determination that Gathers was not authorized to represent Les Anciens on appeal. See Am. Compl. ¶¶ 35–38. Les Anciens contends that this court has jurisdiction under 7 U.S.C. § 6999 and 5 U.S.C. § 702. See id. ¶ 3. Under 7 U.S.C. § 6999, a district court has jurisdiction to review any "final determination of the Division." Under 5 U.S.C. § 702, any person who is "suffering a legal wrong" or who is "adversely affected or aggrieved [because of an] agency action" may seek judicial review in a United States District Court.

II.

The USDA moves to dismiss this action for lack of subject-matter jurisdiction because Les Anciens did not exhaust its administrative remedies before seeking judicial review concerning the USDA's decision to cancel the $75,000 grant to Les Anciens. See [D.E. 40] 6–7, 9–12; Fed. R. Civ. P. 12(b)(1). In support, the USDA cites 7 U.S.C. § 6912(e), which provides that a person "shall exhaust all administrative appeal procedures . . . before the person may bring an action in a court of competent jurisdiction against . . . the Department."

5

Federal courts of appeals are divided over whether the exhaustion requirement in 7 U.S.C. § 6912(e) is jurisdictional. See Forest Guardians v. U.S. Forest Serv., 641 F.3d 423, 432 (10th Cir. 2011) (per curiam); Dawson Farms, LLC v. Farm Serv. Agency, 504 F.3d 592, 603–06 (5th Cir. 2007). The Fifth, Eighth, and Ninth Circuits have held that the exhaustion requirement in section 6912(e) is not jurisdictional. See Dawson Farms, LLC, 504 F.3d at 603–06; Ace Prop. & Cas. Ins. Co. v. Fed. Crop Ins. Corp., 440 F.3d 992, 999–1000 (8th Cir. 2006); McBride Cotton & Cattle Corp. v. Veneman, 290 F.3d 973, 980 (9th Cir. 2002). The Second Circuit has held that the exhaustion requirement in section 6912(e) is jurisdictional. See Bastek v. Fed. Crop Ins. Corp., 145 F.3d 90, 94–95 (2d Cir. 1998). The Tenth Circuit has recognized the split, but declined to resolve whether the exhaustion requirement in section 6912(e) is jurisdictional. See Forest Guardians, 641 F.3d at 432–33.

This court agrees with the Tenth Circuit and declines to resolve that issue. See id. Regardless of whether the exhaustion requirement in section 6912(e) is jurisdictional, it is "mandatory." Id. at 432. Section 6912(e) "unambiguously require[s] plaintiffs to exhaust their administrative remedies before bringing suit, and their failure to do so deprive[s] them of the opportunity to obtain relief in the district court." Bastek, 145 F.3d at 95. Furthermore, only "[a] final determination of the Division [is] reviewable and enforceable" in the district court. See 7 U.S.C. § 6999. Thus, Les Anciens must fully exhaust the appeal procedures within the USDA before seeking review in this court.

As for Les Anciens's challenge to the USDA's decision cancelling the $75,000 grant, Les Anciens has not exhausted the "administrative appeal procedures established by the Secretary or required by law." See 7 U.S.C. § 6912(e). Because the USDA determined that Gathers was not an "authorized representative," Les Anciens as "participant" or "appellant" never challenged the USDA

decision to cancel the grant, let alone exhaust the administrative process concerning that issue. The statutory exhaustion requirement of 7 U.S.C. § 6912(e) prevents this court from adjudicating whether the USDA properly cancelled the $75,000 grant, and the court grants the USDA's motion to dismiss that claim.

As for whether Gathers lacked the authority to represent Les Anciens on appeal, Les Anciens administratively exhausted that claim. See [D.E. 31-2] 153–59. Thus, this court will review that claim. See 7 U.S.C. § 6912(e).

III.

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). A court should grant a motion for judgment on the pleadings only if "the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." Park Univ. Enters. v. Am. Cas. Co. of Reading, 442 F.3d 1239, 1244 (10th Cir. 2006) (quotation omitted), abrogation on other grounds recognized by Magnus, Inc. v. Diamond State Ins. Co., 545 F. App'x 750 (10th Cir. 2013) (unpublished); see Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 375 (4th Cir. 2012); Burbach Broad. Co. of Del. v. Elkins Radio Corp., 278 F.3d 401, 405–06 (4th Cir. 2002).

A court ruling on a Rule 12(c) motion for judgment on the pleadings applies the same standard as in a Rule 12(b)(6) motion to dismiss. See, e.g., Mayfield, 674 F.3d at 375; Burbach Broad. Co. of Del., 278 F.3d at 405–06. A motion under either rule tests the legal and factual sufficiency of the claim. See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 677–80, 684 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–63 (2007); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). To withstand a Rule 12(c) motion, a pleading "must contain sufficient factual matter,

7

accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation omitted); see Twombly, 550 U.S. at 570; Giarratano, 521 F.3d at 302. In considering the motion, the court must construe the facts and reasonable inferences in the "light most favorable to the [nonmoving party]." Massey v. Ojaniit, 759 F.3d 343, 347, 352–53 (4th Cir. 2014) (quotation omitted); see Clatterbuck v. City of Charlottesville, 708 F.3d 549, 557 (4th Cir. 2013); Burbach Broad. Co. of Del., 278 F.3d at 406. A court need not accept a pleading's legal conclusions. Iqbal, 556 U.S. at 678–79; Giarratano, 521 F.3d at 302. Nor must it "accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted). Rather, plaintiffs' allegations must "nudge[ ] their claims," Twombly, 550 U.S. at 570, beyond the realm of "mere possibility" into "plausibility." Iqbal, 556 U.S. at 678–79.

When evaluating a Rule 12 motion, a court considers the pleadings and any materials "attached or incorporated into the complaint." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011); see Fed. R. Civ. P. 10(c); Thompson v. Greene, 427 F.3d 263, 268 (4th Cir. 2005); Fayetteville Inv'rs v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir. 1991). A court also may take judicial notice of public records such as court documents. See, e.g., Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

The USDA's adjudicative determinations are entitled to deference. See, e.g., United States v. Mead Corp., 533 U.S. 218, 226–28 (2001); Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc., 467 U.S. 837, 842–45 (1984). Likewise, the USDA's reasonable interpretations of its own regulations are entitled to deference. See, e.g., City of Arlington v. F.C.C., 569 U.S. 290, 296–97 (2013); Mead Corp., 533 U.S. at 226–28. This deference "applies equally to statutes designed to curtail the scope of agency discretion." City of Arlington, 569 U.S. at 303 (emphasis omitted).

In reviewing an agency decision under 5 U.S.C. § 706(2)(A), the court asks "whether the [agency's] decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 416 (1971) abrogated in part on other grounds by Califano v. Sanders, 430 U.S. 99 (1977). "Arbitrary and capricious review under the APA differs from Chevron step-two review because it focuses on the reasonability of the agency's decision-making processes rather than on the reasonability of its interpretation." Native Angels Home Care Agency, Inc. v. Sebelius, 749 F. Supp. 2d 370, 375–76 (E.D.N.C. 2010) (quotation and citation omitted).

The NAD found that when Gathers requested the appeal on behalf of Les Anciens, she was not its "authorized representative" and that only an "appellant" or an "authorized representative" of an appellant may appeal to the NAD. See [D.E. 31-2] 98. The parties do not dispute that Les Anciens, as the "participant" under the original grant is qualified as an "appellant" under 7 C.F.R. § 11.1. However, after reviewing the factual circumstances concerning Les Anciens's board, the state corporate laws of Minnesota and North Carolina, Les Anciens's articles of incorporation and by-laws, and the meanings of "appellant" and "authorized representative" within Title 7 of the Code of Federal Regulations, the NAD concluded that Gathers was not authorized as a representative of Les Anciens to appeal on its behalf. See id. at 98–99; 7 C.F.R. § 11.1. Thus, the NAD concluded that it lacked jurisdiction to hear Les Anciens's appeal. See [D.E. 31-2] 99–100.

On appeal, the Director reviewed the record and the factual and legal issues, and concluded that NAD lacked jurisdiction to hear the appeal under 7 C.F.R. § 11.1. See id. 153–59. In light of the record and the governing law, the Director reached a reasonable conclusion.

In opposition to this conclusion, Les Anciens argues that Gathers was authorized to act on behalf of Les Anciens when she filed the appeal. See [D.E. 44]. Specifically, Les Anciens contends

9

that a new board of directors authorized Gathers to act on its behalf in the appeal process. See id. at 8. Les Anciens also contends that the USDA misunderstood how Les Anciens filled vacancies on its board. See id. at 3–5.

The court rejects Les Anciens's arguments. First, nothing in the administrative record shows that Gathers complied with 7 C.F.R. § 11.6(c), which requires an "authorized representative" to "file a declaration with NAD, executed in accordance with 28 U.S.C. § 1746, stating that the participant has duly authorized the declarant in writing to represent the participant for purposes of a specified adverse decision or decisions, and attach a copy of the written authorization to the declaration." 7 C.F.R. § 11.6(c). The Director's final determination recounts the "ample time" afforded to Gathers "after the pre-hearing" to "present evidence to establish she had the requisite authorization to act on behalf of Appellant" but that she failed to do so. [D.E. 31-2] 158; see id. at 35–37, 43 (unsigned authorization form designating "Attorney Link" as representative). This failure is fatal. See 7 C.F.R. § 11.6(c).

Second, Les Anciens asserts that the NAD erroneously concluded that Gathers as the sole remaining board member lacked authority to pass a resolution electing a new board. Gathers, however, never provided sufficient documentation to the NAD to dispute this conclusion or to explain adequately how Les Anciens's elected a new board. Rather, the record indicates that on November 13, 2008, the board consisted of four members: Reverend David H. Rouson, Pastor Theodore Tillmon, Pastor John Ponds, and Benita Gaithers. See [D.E. 31-2] 116–20, 131. The fifth member of the board, William Small, who appeared on the board documents on June 23, 2008, apparently died between June 23, 2008, and November 13, 2008. See id.; [D.E. 33-1] 96. Between November 13, 2008, and December 12, 2008, David Rouson, Theodore Tillmon, and John Ponds all resigned from the board. See [D.E. 31-2] 116–20. At that point, Gathers was the sole board

10

member and lacked the authority to appoint a new board. See id. at 117. Thus, the USDA reasonably concluded that when Gathers requested an appeal on January 21, 2009, Gathers was not an authorized representative of Les Anciens.

Les Anciens disputes this conclusion and cites three pieces of evidence that Les Anciens submitted to the NAD: (1) an alleged resolution of the board dated February 28, 2009, purporting to appoint a new board of B. Gathers, D. Wiggins, and B. Brown, which Gathers submitted to the NAD on March 12, 2009 [D.E. 32-1] 31; (2) an alleged resolution of the board dated November 25, 2008, purporting to authorize any board member to take "any action" in response to the cancellation of the $75,000 USDA grant, which Gathers submitted to the NAD on March 12, 2009 [D.E. 32-1] 35; and (3) an alleged resolution of the board dated November 25, 2008, purporting to appoint a new board of B. Gathers, D. Wiggins, and B. Brown, which Gathers submitted to the NAD on March 23, 2009 [D.E. 32-1] 10.

The cited evidence does not help Les Anciens. In fact, the cited evidence only bolsters the conclusion that the USDA acted reasonably.

As for the alleged resolution dated February 28, 2009, purporting to appoint a new board of B. Gathers, D. Wiggins, and B. Brown, the alleged resolution lacks the hallmarks of authenticity for a document of this type, lacks the signature of any director except Gathers, and lacks the corporate seal as required by the by-laws. See id. at 31, 116. The USDA acted reasonably in not crediting this evidence.

As for the alleged resolution dated November 25, 2008, purporting to authorize any board member to take "any action" in response to the cancellation of the $75,000 USDA grant, this resolution does not and cannot authorize Gathers to appoint a new board. Moreover, the resolution also lacks the hallmarks of authenticity for a document of this type, lacks the signature of any

11

director except Gathers, and lacks the corporate seal as required by the by-laws. See id. at 35. The USDA acted reasonably in not crediting this evidence.

As for the alleged resolution of the board dated November 25, 2008, purporting to appoint a new board of B. Gathers, D. Wiggins, and B. Brown, which Gathers untimely submitted to the NDA on March 23, 2009, that document is the most suspicious of all. See id. at 10. The resolution dated November 25, 2008, and submitted on March 23, 2009, is identical to the resolution dated February 28, 2009, and submitted on March 12, 2009, except for the different dates. Compare id., with id. at 31. Of course, Gathers needed the NAD to find that the new board was installed on the earlier date of November 25, 2008, because other directors were still on the board with her on November 25, 2008. See [D.E. 31-2] 116–20. No record evidence, however, explains the existence of this suspicious duplicate resolution or explains why Les Anciens waited until March 23, 2009, to submit this alleged resolution of November 25, 2008. Tellingly, Les Anciens (through Gathers) submitted the alleged resolution of November 25, 2008, after the USDA had submitted its jurisdictional argument to the NAD contending that the failure to elect new board members before the resignation of the penultimate board member rendered the board unable to act, and therefore left Gathers unable to pursue an appeal on behalf of Les Anciens. See [D.E. 33-1] 96–97.

Notably, the alleged November 25, 2008 resolution does not mention Pastor John Ponds, who was an active member of the board of directors until his resignation on December 12, 2008. See [D.E. 31-2] 120. If the resolution that the board purportedly adopted on November 25, 2008, were authentic, logic dictates that it would include at least some reference to Ponds. It does not. See [D.E. 32-1] 10. Additionally, only Gathers signed the alleged November 25, 2008 resolution, and it does not bear the corporate seal as the by-laws require. See id. at 116; [D.E. 31-2] 99. As with the

12

other two documents, the USDA acted reasonably in not crediting this untimely and suspicious piece of evidence.

The record contains other suspicious documents that call into question the credibility of Les Anciens. The record, for example, contains substantial factual questions about whether a letter purporting to authorize a large grant from within the loan fund was (1) a conflict of interest for Gathers and (2) whether someone forged David Rouson's signature. See [D.E. 32-1] 45–46, 58. This court need not address those issues. Suffice it to say that, in light of the record, Les Anciens has not demonstrated that the USDA's determination concerning Gather's lack of authority to represent Les Anciens on appeal was arbitrary and capricious or contrary to law. Accordingly, the USDA's motion for judgment on the pleadings is granted.

IV.

In sum, the court GRANTS defendant's motion to dismiss and for judgment on the pleadings [D.E. 39]. The clerk shall close the case.

SO ORDERED. This 12 day of March 2018.

JAMES C. DEVER III
Chief United States District Judge

13